Peelle, J.,
delivered the opinion of the court:
The claimant, a first lieutenant in the United States Army, seeks reimbursement for 1471.43 alleged to have been paid by him to the Garfield Memorial Hospital for nursing, medicines, and medical attendance by a resident physician.
In his petition the claimant, in substance, avers that on the 16th day of September, 1898, while on official duty at the Headquarters of the Army in the War Department at Washington, he was taken suddenly and seriously ill, and was, while suffering- from very high fever, removed to the Garfield Memorial Hospital. He there remained continuously from said 16th day of September, 1898, to the 3d day of January, 1899, during which time he incurred and paid the expenses above stated.
That on the 3d day of June following he presented his account, accompanied by proper vouchers, to the Surgeon-General of the Army, who approved the same for the full amount thereof and transmitted his account to the Auditor of the Treasury for the War Department for audit and settlement, but that the Auditor, on the 30th of June thereafter, disallowed the claim, and on appeal to the Comptroller of the Treasury the action of the Auditor in disallowing the claim was, on the 26th day of July thereafter, affirmed; that no further action has been taken on said claim, and that he is the sole owner thereof.
The facts disclosed by the evidence are, that during the late war with the Kingdom of Spain the claimant was, for a time, on duty in Porto Rico, where he remained until August 26, 1898, when he was ordered to report for dut3T at the Headquarters of the Army in the War Department. In the latter place he remained on duty until on or about September 15, 1898, when a disease, claimed to have been contracted while on duty *41 in Porto Rico, developed, and he was, by direction of Acting Asst. Surg. F. S. Nash, United States Army, sent to Garfield Memorial Hospital for nursing and medical treatment.
The claimant’s account was made out, to which he attached his personal certificate, stating, among other things, “that there was no Government hospital of which I could avail myself; * * * that the services of a medical officer of the Army could not be obtained, because only the services of a resident physician at the hospital were available for instant attendance, though an army medical officer was in attendance as often as daily.”
The account thus made out and certified was approved in full by C. H. Alden, Assistant Surgeon-General, United States Army, Acting Surgeon-General, and was thereafter presented to the accounting officer for audit and settlement, but the same was disallowed by the Auditor, and, on appeal, the decision of the Auditor was affirmed by the Comptroller.
The claimant bases his right to recover upon Army Regulations (1895), sections 1452 and 1453, which read as follows:
“Sec. 1452. When medical attendance is required by an officer or enlisted man on duty, and the attendance of a medical officer can not be had, the officer, or if there be no officer present, then the enlisted man, may employ a civilian physician, and a just account for his services and the necessary medicines will be paid by the Medical Department. The accounts for each fiscal year will be rendered separately, and if for continuous service, forwarded monthly. Accounts for temporary service will be forwarded promptly upon termination thereof.
“Sec. 1453. Accounts for medical attendance will set forth the full name and address of the physician, the full name, rank, company, and regiment or corps of patient, date of and charge for each visit, charge for medicines, and particular disease or injury treated. The physician will certify that the account is correct and just, and that the charges do not exceed the customary charges in the vicinity. The officer will certify, or the enlisted man make oath, to the correctness of the account, stating that he was on duty at the time and place specified, and why it was impossible to secure the services of an army surgeon. When medicines are furnished by a druggist and charged for by the phjrsician, the original prescription must be furnished, and the receipt of the druggist to the physician will accompany the account.”
*42 Under these sections an officer on duty is only authorized to employ a civilian physician when the attendance of a medical officer of the Army “can not be had;” and in certifying to the correctness of his account he is required to state “why it was impossible to secure the attendance of an army surgeon.”
The claimant contends that “the approval by the Surgeon-General of the charges is conclusive as well of their validity and regularity under the Army Regulations as of their amount,” and he cites in support of that contention the case of Billings v. The United States (23 C. Cls. R., 166).
The question involved in that case was as to the authority of the Secretary of War to send a medical officer of the United States Army to Europe as a delegate to an international medical congress and health exhibition, and also while abroad to “visit, on public service, in the interest of the Medical Department,” such cities as might be “deemed necessary by the Surgeon-General of the Army.”
The question was as. to the right of the claimant to mileage while thus traveling in Europe. The mileage claim had been paid and the accounting officers were seeking to recoup the amount from his salary thereafter accruing to him.
But in that case it was ruled that, by Revised Statutes, section 216, the Secretary of War ivas required to perform such duties as might “ be enjoined or intrusted to him by the President relative to military commissions, * * * or of other matters respecting military affairs;” and that when the Secretary of W ar acted he was presumed to have done so by direction of the President, who, under the Constitution, is Commander in Chief of the Army and Navy of the United States; and that therefore when the Secretary of War ordered the officer in that case on duty abroad in the interest of the Medical Department of the Army it was the duty of such officer to obey, and having obeyed, he was entitled to the mileage which was paid him.
That case, however, is not controlling in the present case, for the reason that in this case the regulations promulgated by the President for the government of the Medical Department of the Army were not complied with, and no sufficient reason, if anjr existed, is shown .therefor; nor will the approval *43 of the account by the Surgeon-General operate to supply such omitted requirements, even if the claimant had been ordered to the hospital by proper authority.
We need not consider the- question as to whether the Surgeon-General of the Army had authority under the regulations to send or order the claimant to the Garfield Hospital for treatment, so as to charge the Government with the expense thereof, when the Army hospitals in the city and vicinity were available therefor, further than to say that before the Government can be charged with such expense it must appear, as before stated, that the requirements of the regulations have been complied with. That is the basis upon which the Government consents to be sued.
In the present case it does not appear that a medical officer of the Army could not have been obtained; upon the contrary, it appears in the claimant’s certificate to his account, not only that he was sent to the hospital by a medical officer of the Army, but that he was attended by one daily.
The claimant’s certificate not only fails to state “ why it was impossible to secure the services of an army surgeon,” but conflicts with the further statement in the certificate “that an anny medical officer was in attendance as often as daily.”
The only reason given in the certificate why the services of an army surgeon could not be obtained is that he was not available for “instant attendance,” as was the resident physician at the hospital.
Army regulation, section 1450, requires medical officers on duty “to attend officers and enlisted men, and, when practical, their families;” so that it not only appears that the claimant was attended daily by an army medical' officer, but that, under the regulations, such officer was required to “attend officers” when sick, and that means that their attendance should be as often as, in their professional judgment, might be necessary. Beyond that the regulations, having the force of law, do not go, and where they stop we must stop.
Petition dismissed.